UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Paul Aery, | Civ. No. 21-2375 (KMM/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Arhart, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff James Paul Aery's motion to amend filed on April 11, 2022. (Doc. No. 28.) As background, on March 11, 2022, Defendant Joshua Arhart filed a motion to dismiss, seeking to dismiss Plaintiff's Amended Complaint. (Doc. No. 18.) A month later, on April 11, 2022, the Court received Plaintiff's motion to amend. (Doc. No. 28.) Plaintiff seeks leave to amend his Amended Complaint to remove the sole Defendant named in the Amended Complaint, Defendant Arhart, and substitute five new Defendants (Brian Birt, Nick Bender, Kyle Nohre, Patricia Grimsley, and Beltrami County) as well as assert new claims against the proposed five new Defendants and additional facts. (*Id.*) Defendant opposes Plaintiff's motion asserting undue delay and argues that the Court should deny Plaintiff's request because Plaintiff's amendments would be futile under Fed. R. Civ. P. 12(b)(6). (Doc. No. 30.)

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's

written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should be denied if "there are compelling reasons 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2005)). The trial court has discretion to decide whether to grant leave to amend. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

    Defendant argues that the timing of Plaintiff's motion to amend constitutes undue delay because Plaintiff failed to previously cure his pleading deficiencies. "A district court may refuse to grant leave to amend if the plaintiff had an earlier opportunity to cure a defect in [his] complaint but failed to do so." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995). Here, Plaintiff had knowledge of the facts and the proposed Defendants he seeks to add before he filed both his original and Amended Complaint. *See generally Aery v. Arhart*, No. 21-cv-111 (PJS/TNL). But the case here is still in its infancy. *See Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-cv-4359 (JRT/LIB), 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020) ("In general, a movant does not unduly delay if she files her motion to amend pleadings in the early stages of litigation."). Moreover, the proposed Second Amended Complaint comes only a month after Defendant filed his motion to dismiss, and Plaintiff has assured the Court that this amendment is his "final" one. *See, e.g.*, *Arcaro v. City of Anoka*, No. 13-cv-2772

2

(JNE/LIB), 2014 WL 12605452, at *7 (D. Minn. Oct. 31, 2014) (granting the plaintiff's motion to amend where the plaintiff—who had knowledge of the factual amendments at the time she filed her original complaint—moved to amend two months after the defendants had filed their motion to dismiss and the plaintiff's counsel had represented its amendment was final). Finally, while undue delay is a proper justification for denying a motion to amend, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Defendant has not shown what prejudice will result from Plaintiff's alleged delay, especially here where Plaintiff's amendment seeks to dismiss Defendant from his case. Thus, Defendant's argument based on undue delay fails.

Defendant also argues that Plaintiff's motion to amend should be denied because it would be futile. A motion for leave to amend a pleading is futile when the amended pleading would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Defendant's argument is essentially limited to a few sentences: that Plaintiff's proposed Second Amended Complaint "is once again full of conclusory allegations and legal conclusions which are being couched as factual allegations" and should be dismissed "for the same reasons as articulated in Defendant's Motion to Dismiss." (Doc. No. 30 at 8.) Defendant's argument, however, fails to address the several additional pages of facts that Plaintiff added and the additional claims made against the new proposed Defendants.[1] Thus, because Defendant

---

[1] Defendant also argues that because Plaintiff failed to move the Court to join the proposed new Defendants, Plaintiff's motion should be denied. (Doc. No. 30 at 7.) The

has not shown how Plaintiff's newly pleaded claims are futile, the Court does not, at this juncture, deny Plaintiff's motion to amend on this ground.[2]

Accordingly, the Court grants Plaintiff's motion to amend his Amended Complaint, and directs the Clerk of Court to file Plaintiff's Proposed Second Amended Complaint filed at Attachment 1 to his motion to amend at Doc. No. 28, as the operative Second Amended Complaint in this action. Also, because Defendant's motion to dismiss (Doc. No. 18) was directed at Plaintiff's earlier filed Amended Complaint, which is now superseded by the Second Amended Complaint, Defendant's motion is now moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (holding that it would be error to address defendants' motions to dismiss after the original complaint had been amended and denying such motions as moot).

---

Court, however, may evaluate Plaintiff's proposed Second Amended Complaint as if he had moved to join. *See Mallak v. Aitkin Cnty.*, No. 13-cv-2119 (DWF/LIB), 2015 WL 2250494, at *7 (D. Minn. Mar. 4, 2015) ("[T]he Court evaluates Plaintiff's proposed Second Amended Complaint as if Plaintiff *had* specifically moved to join Wedan, Kraus, and Sherburne County as entirely new Defendants.") (emphasis in original), *aff'd sub nom. Mallak v. City of Brainerd*, 2015 WL 2254926 (D. Minn. May 13, 2015). Additionally, Defendant fails explain how he has been unfairly prejudiced by Plaintiff's failure to file leave to join the new proposed Defendants. *See, e.g.*, *Poole v. Behrens*, No. 8:08CV399, 2009 WL 250034, at *2 (D. Neb. Feb. 2, 2009) (finding that the defendant had not satisfactorily explained how it had been unfairly prejudiced by the plaintiffs' failure to seek leave of the court to add a new defendant when the plaintiffs filed an amended complaint adding a new defendant).

[2]    The Court's ruling, however, in no way forecloses Defendants from filing a motion to dismiss Plaintiff's Second Amended Complaint.

4

**ORDER**

Based on files, records, and submissions herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend Complaint (Doc. No. 28) is **GRANTED**;

2. The Clerk of Court is directed to file Plaintiff's Proposed Second Amended Complaint filed at Attachment 1 to his motion to amend at Doc. No. 28, as the operative Second Amended Complaint in this action, and the Clerk of Court shall add Defendants Brian Birt, Nick Bender, Kyle Nohre, Patricia Grimsley, and Beltrami County to the case caption pursuant to the Second Amended Complaint;

3. The Clerk of Court shall terminate Defendant Joshua Arhart as a named Defendant in this matter;

4. Plaintiff Aery must submit a properly completed Marshal Service Form (Form USM-285) for each of the following: Brian Birt, Nick Bender, Kyle Nohre, Patricia Grimsley, and Beltrami County. If Aery does not complete and return the Marshal Service Form within 30 days of this Order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Aery by the Clerk of Court.

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Brian Birt, Nick Bender, Kyle Nohre, and Patricia Grimsley in their individual capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure;

6. If a Defendant sued in his personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that Defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a Defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2);

7. The U.S. Marshals Service is directed to effect service of process on Beltrami County and Brian Birt, Nick Bender, Kyle Nohre, and Patricia Grimsley in their official capacities as agents of Beltrami County, Minnesota, consistent with Rule 4(j) of the Federal Rules of Civil Procedure;

8. Defendant's Motion to Dismiss (Doc. No. 18) is **DENIED** as moot; and

9. The Court's March 15, 2021 Order (Doc. No. 24), which set a briefing schedule relating to Defendant's Motion to Dismiss (Doc. No. 18) is **VACATED**.

Dated: June 9, 2022                         *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge