UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 21-cv-2375 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nick Bender, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiff filed his Second Amended Complaint, which added Brian Birt as a defendant in the present action, Plaintiff had failed to provide proof that he had served a summons and a copy of the Complaint on Defendant Birt. (See Order [Docket No. 57]). Accordingly, the Court issued an Order notifying Plaintiff that the Federal Rules of Civil Procedure require plaintiffs to demonstrate proof of service "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), the Court ordered Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant Birt failing which the Court would recommend dismissal for failure to effect proper service and failure to prosecute. (Order [Docket No. 57]).

The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant Birt has long since passed, and Plaintiff has neither

provided proof of service nor articulated good cause as to why the Court should grant him an extension of time to do so.[1]

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's November 10, 2022, Order. [Docket No. 57]. Because the Court previously forewarned Plaintiff of the potential consequences of failure to abide by the Court's Order, the Court now recommends that this action as alleged against Defendant Birt be dismissed for failure to comply with the Court's prior Order, [Docket No. 57]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action as alleged against Defendant Birt be **DISMISSED without prejudice**.

Dated:  March 1, 2023                              s/Leo I. Brisbois
                                                   Hon. Leo I. Brisbois
                                                   U.S. MAGISTRATE JUDGE

---

[1] The Clerk of Court's office mailed to Plaintiff copies of the Clerk's Notice of Reassignment, [Docket No. 55], and this Court's November 10, 2022, Order, [Docket No. 57]; however, each of these mailings was returned as undeliverable. This does not change the Court's present recommendation that Plaintiff's action as alleged against Defendant Birt be dismissed. As this Court has previously explained to Plaintiff, it is his "obligation to prosecute his case and to keep the Court informed at all times of his then current address and contact information so that he may receive correspondence from this Court." Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021); see, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation, 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 F. App'x 678 (8th Cir. 2021); Tandoh v. Virginia Police Dep't, No. 22-cv-1981 (WMW/LIB), 2022 WL 18135246, at *1 (D. Minn. Sept. 28, 2022), report and recommendation adopted, 2023 WL 112701 (D. Minn. Jan. 5, 2023). In the present case, Plaintiff has failed to do so.

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).